# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-20099-JWL |
| MAYRA GANDARA-ESCARCEGA, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

On August 10, 2009, Mayra Gandara-Escarcega pled guilty to conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine; and attempted money laundering (docs. 539, 540). In preparation for sentencing, the United States Probation Office advised that Ms. Gandara-Escarcega was in possession of $169,730 at the time of her arrest. The Probation Office converted the money to its drug equivalent, recommending that the defendant be held accountable for 7.7 kilograms of cocaine. Based on that drug quantity, the Probation Office calculated a base offense level of 32, which, with a two-level enhancement for laundering money derived from unlawful activity, and a three-level adjustment for acceptance of responsibility, resulted in a total offense level of 31. With a criminal history category of II, under the United States Sentencing Commission, *Guidelines Manual* (2009), this subjected Ms. Gandara-Escarcega to an advisory

guideline range of 121- to 151-months imprisonment. She received a sentence of 121 months on November 30, 2009 (doc. 643).

Ms. Gandara-Escarcega has now filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 888). For the reasons set forth below, that motion is denied.

## ANALYSIS

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if none of the retroactive amendments listed in subsection (c) is applicable to the defendant.

Ms. Gandara-Escarcega seeks to have her sentence reduced by means of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 and Amendment 750 to the United States Sentencing Guidelines. *See* U.S.S.G. § 2D1.1 (2011); United States

2

Sentencing Commission, 76 Fed. Reg. 41,332 (July, 13, 2011) (on retroactivity). She contends that retroactive Amendment 750 "applies to individuals whose offense level involved cocaine hydrochloride[,] and [those individuals] are entitled to the same reduction in sentence as those convicted and sentenced for actual crack" (doc. 888, at 2).

As relevant to Ms. Gandara-Escarcega's present motion, Amendment 750 revised the Drug Quantity Table set forth in § 2D1.1 to reflect statutory changes in the penalties for cocaine base ("crack" cocaine) offenses. She, however, was sentenced based on a quantity of cocaine hydrochloride, not cocaine base. Contrary to Ms. Gandara-Escarcega's contention, Amendment 750 does not impact the guideline range for offenses involving cocaine hydrochloride. As a result, a reduction in the defendant's term of imprisonment is not consistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(1) because Amendment 750 does not have the effect of lowering her applicable guideline range. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (applying the same reasoning to Amendment 706).

Ms. Gandara-Escarcega further asserts that the recent United States Supreme Court decision *DePierre v. United States*, 131 S. Ct. 2225 (2011), "made clear that the amendment lowering the base level for crack cocaine also applies to cocaine hydrochloride" (*id.*). Her reading of *DePierre* misconstrues the Court's holding. In *DePierre*, the Court found that the term "cocaine base" as used in 18 U.S.C. §§

841(b)(1)(A)(iii) and (b)(1)(B)(iii) refers generally to cocaine in its chemically basic form and not exclusively to what is colloquially known as crack cocaine. 131 S. Ct. at 2227-28. Contrary to Ms. Gandara-Escarcega's assertion, *DePierre* concludes that "cocaine in its chemically basic form" does not include cocaine hydrochloride. *Id.* at 2227-29. *DePierre* explains that cocaine in its most basic form contains the molecular composition $C^{17}H^{21}NO^4$ and includes coca paste, crack cocaine, and freebase. *Id.* at 2227-28. Cocaine hydrochloride, on the other hand, possesses the molecular formula $C^{17}H^{22}NO^{4+}Cl$ is derived, in part, by dissolving coca paste in water and hydrochloric acid. *Id.* at 2228. As such, Ms. Gandara-Escarcega's assertion that *DePierre* "made clear that the amendment lowering the base level for crack cocaine also applies to cocaine hydrochloride" is without merit.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Retroactive Application of Sentencing Guidelines (doc. 888) is denied.

**IT IS SO ORDERED** this 3rd day of February, 2012.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge