**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARLOS CERVANTES-SAMANIEGO, ) <br> ) <br> Defendant. ) <br> ) | Case No. 07-20099-JWL <br> 11-02486-JWL |

**MEMORANDUM AND ORDER**

Defendant Carlos Cervantes-Samaniego pleaded guilty to conspiracy to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine (docs. 560, 561). He received a 235-month prison sentence. Mr. Cervantes-Samaniego filed a direct appeal. On July 13, 2010, the Tenth Circuit dismissed the appeal after concluding that the issues raised fell within the appeal waiver contained in his plea agreement (doc. 791).

Mr. Cervantes-Samaniego, proceeding *pro se*, then filed a motion to vacate his sentence, contending that his attorney was ineffective for failing to respond to his post-conviction requests for documents (doc. 873). The court granted the defendant an opportunity to either amend or withdraw the motion to vacate before construing it as a motion pursuant to 28 U.S.C. § 2255 (doc. 894).

Mr. Cervantes-Samaniego has now filed an amended motion to vacate pursuant

to § 2255 (doc. 901), a motion to obtain transcripts (doc. 902), and a motion for an evidentiary hearing (doc. 903). For the reasons set forth below, these motions are denied.

**I.      28 U.S.C. § 2255**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96–7039, 1997 WL 8842, at *3 (10th Cir. Jan. 10, 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

Here, Mr. Cervantes-Samaniego contends that his attorney was ineffective on two grounds: (1) promising an unrealistic sentence to induce a guilty plea; and (2) failing to

2

raise various argument for a reasonable sentence.

### A. *Waiver*

Mr. Cervantes-Samaniego signed a plea agreement that included a waiver of his right to collaterally attack his sentence. The waiver excludes claims of ineffective assistance of counsel regarding an attorney's negotiation of the plea agreement and waiver. Here, only the first of the defendant's claims is excluded from the waiver.

The government has not raised this waiver as a bar to this court's resolution of the defendant's second claim, however, and the court will not raise the issue sua sponte. *See United States v. Contreras–Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos–Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).

Therefore, the court may consider both of Mr. Cervantes-Samaniego's claims without determining whether they are barred by the post-conviction waiver contained in the plea agreement.

### B. *Ineffective Assistance of Counsel*

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his attorney's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S.

3

668, 687–88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247–48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796–97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also*

4

*Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

1. Ground 1— Promising an Unrealistic Sentence

Mr. Cervantes-Samaniego maintains that his "Sixth Amendment right to effective assistance of counsel was denied when counsel promised an unrealistic sentence [of ten years] in order to coerce a plea, resulting in entering of an unknowing, unintelligent, and involuntary plea" (doc. 901, at 3). The record, however, contradicts the defendant's assertion.

Mr. Cervantes-Samaniego signed a plea agreement, in which he averred that his plea was not the result of coercion. Paragraph 17 of the plea agreement states:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.

(doc. 561, at 13). In addition, at the change of plea hearing, the court specifically asked Mr. Cervantes-Samaniego whether anyone had made promises regarding his length of imprisonment. The court inquired:

> Q. Now, one of the consequences of the process being fairly complicated is that, as I sit here today, I cannot tell you exactly what your sentence is going to be. Do you understand that?
>
> A. Yes, sir.

5

> Q. Similarly, neither your lawyer nor the government's lawyer nor anyone else can make any promises or guarantees to you about what your sentence will actually be. Do you understand that?
>
> A. Yes, sir.
>
> Q. And has anyone made any promises or guarantees to you about what your sentence will actually be?
>
> A. No, sir.

(doc. 765, at 15).

Based on the record, the court finds that the defendant's plea was voluntarily entered into without any impermissible inducement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

As such, Mr. Cervantes-Samaniego's contention that his attorney induced his guilty plea by promising an unrealistic sentence is contradicted by the record and provides no basis for § 2255 relief.

2. Ground 2—Failure To Argue for a Reasonable Sentence

Mr. Cervantes-Samaniego also contends that his attorney should have raised various arguments for a "reasonable sentence" under 18 U.S.C. § 3553 based on the defendant's lack of criminal history, combined with employment history, stable family background, efforts at cooperating with authorities, and "the fact that [he] was amenable

6

to voluntary deportation" (doc. 901, at 17, 27).

The record demonstrates that Mr. Cervantes-Samaniego's attorney was not ineffective in this regard. In fact, his attorney presented evidence regarding the defendant's employment history (*id.* at 348-57, 360-61), and family background (*id.* at 349-57) at the sentencing hearing. In addition, under the terms of the plea agreement,[1] Mr. Cervantes-Samaniego did not agree to cooperate with authorities nor did he agree to deportation (doc. 561, at 9). As such, there was no basis for his attorney to raise these matters at sentencing.

Finally, although Mr. Cervantes-Samaniego's attorney did not specifically argue that his lack of criminal history be considered in application of the § 3553 factors, the court specifically enumerated consideration of the defendant's criminal background in arriving at his sentence (doc. 766, at 386). Thus, the defendant can show no prejudice for his attorney's failure to advance this argument.

As such, Mr. Cervantes-Samaniego's contention that his attorney should have raised various arguments for a "reasonable sentence" under 18 U.S.C. § 3553 provides no basis for habeas relief.

**II. Motion for Evidentiary Hearing**

Mr. Cervantes-Samaniego requests an evidentiary hearing to elicit "discovery"

---

[1] In signing the plea agreement, the defendant acknowledged that it "supersedes any and all other agreements or negotiations between the parties, and [the] agreement embodies each and every term of the agreement between the parties" (doc. 561, at 13).

relating to his § 2255 claims for ineffective assistance of counsel (doc. 903). Because the defendant's arguments are contradicted by the record or inherently incredible, his request for an evidentiary hearing is denied. *See Arredondo*, 178 F.3d at 782.

## III. Motion for Transcripts

Mr. Cervantes-Samaniego also requests copies of transcripts "from all proceedings that were heard" in his criminal case (doc. 902, at 1). He asserts that "the transcripts are needed to decide various factual issues regarding whether Petitioner's Counsel was ineffective. The matters include, but are not limited to, counsel's failure to argue for a reasonable sentence, counsel's ineffective plea negotiations, and counsel's promise of a ten year prison term" (*id.*).

Under 28 U.S.C. § 753(f), the government shall pay the fees for transcripts in a § 2255 proceeding if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

As explained above, the issues set forth in the defendant's § 2255 petition fail to raise a nonfrivolous issue. As such, his request for transcripts fails because he has not set forth any nonfrivolous claim.

## IV. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

8

right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Cervantes-Samaniego has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 901), motion to obtain transcripts (doc. 902), and motion for an evidentiary hearing (doc. 903) are denied.

**IT IS SO ORDERED** this 17th day of May, 2012.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).